UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BOBBY DEAN GILBERT, *Pro Se*, ) | Case No.: 1: 24 CV 1038 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| DEPARTMENT OF REHABILITATION ) | |
| AND CORRECTION, *et al.*, ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ) | |
| Defendants ) | |

**Background**

*Pro Se* Plaintiff Bobby Dean Gilbert, an Ohio inmate, has filed an *in forma pauperis* civil rights complaint in this case under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"); Richland Correctional Institution ("RCI") Warden Kenneth Black; Corrections Officer Kisner; and "Auto-Cad Teacher" Lisa Poff. (Doc. No. 1.)

Plaintiff, who is now incarcerated in the Chillicothe Correctional Institution, challenges prison discipline imposed upon him while he was incarcerated at RCI. In his Complaint, he contends he was wrongly written up and found guilty by the Rules Infraction Board of rule violations pertaining to contraband and disrespecting an officer, staff member, or other inmate. He appears to contend the unjustified discipline caused him to "be denied going home to his family at the Parole Board on March 6, 2024." (*Id*. at 3.) For relief, he seeks $44 million in damages. He has also filed

various motions for various discovery (Doc. Nos. 3, 4, 5.)

**Standard of Review and Discussion**

Federal district courts are expressly required to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Upon review, the Court finds that Plaintiff's Complaint must be dismissed in accordance with § 1915(e)(2)(B).

Plaintiff has already sued the same Defendants (and others) in a prior lawsuit on the basis the disciplinary charges and determinations made against him at RCI were unjustified and violated his rights. *See Gilbert v. Ohio Department of Rehabilitation and Correction, et al.*, No. 1: 22 cv 1318, 2022 WL 13980699 (N.D. Ohio Oct. 24, 2022). In his prior case, Plaintiff challenged the same discipline and contended it resulted in an increase in his security classification and prevented him from finding a job within the prison.

Judge Calabrese dismissed Plaintiff's prior complaint on the merits pursuant to § 1915(e)(2)(B), finding that the discipline imposed on Plaintiff did not implicate a liberty interest triggering constitutional due process protection. *See id*. at *2 (quoting *Sandin v. Connor*, 515 U.S.

472, 484 (1995) ("A prison disciplinary action does not implicate a liberty interest requiring due-process safeguards unless the punishment imposed will inevitably affect the duration of an inmate's sentence, such as loss of good time credit, or inflict an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'")

In that Judge Calabrese has already determined that the rule violations for which Plaintiff was charged and found guilty did not violate his rights, Plaintiff's duplicative Complaint here, seeking relief against the same Defendants on the basis of the same discipline, is barred by the broad doctrine of res judicata, which provides that a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action as to every matter actually litigated as well as every theory of recovery that could have been presented. *See Smith v. Morgan*, 75 Fed. Appx. 505, 506–07, 2003 WL 22177221, at *1 (6th Cir. 2003).

Even to the extent Plaintiff's Complaint may not be barred by res judicata on the basis he purports to claim a different adverse impact from the discipline than he claimed in his prior complaint, *i.e*, the denial of his release on parole in 2024, his Complaint still fails to state a plausible claim. In Ohio, a prisoner has no constitutionally-protected liberty interest in release on parole before the expiration of a valid sentence. *Inmates of Orient Correctional Institute v. Ohio State Adult Parole Authority*, 929 F.2d 233, 235 (6th Cir. 1991). Accordingly, like his prior Complaint, Plaintiff's Complaint in this case alleges no plausible constitutional due process claim upon which he may be granted relief under § 1983.

Further, his Complaint is also subject to dismissal because it fails to set forth facts indicating how each of the named individual Defendants was personally involved in the wrongful conduct he alleges. Where, as here, individuals are named as defendants without allegations of specific conduct

in the body of the Complaint, the Complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Individuals may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, and the ODRC is not subject to suit under § 1983. *Honzu v. Warden, Ross Correctional Institution*, 2:22-cv-292, 2022 WL 3018095, at *4 (S.D. Ohio July 29, 2022).

## Conclusion

For the foregoing reasons, Plaintiff's motions for discovery are denied, and his Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

>*/s/ SOLOMON OLIVER, JR.*
>UNITED STATES DISTRICT JUDGE

September 24, 2024